MURPHY *et al.*, appellants, v. SALEM *et al.*

*Maritime lien — constitutionality of State laws.*

A bond given on the discharge of a vessel from an attachment under laws of 1862, ch. 482, relating to the enforcement of claims for building and repairing vessels, is invalid so far as the demand on which the attachment was issued accrued for repairs, but valid so far as it accrued for building the vessel. The statute is unconstitutional in respect to claims for repairs and the like, but constitutional in respect to claims for building vessels.

APPEAL from a judgment in favor of defendants entered on the report of a referee.

*Beebe, Wilcox & Hobbs*, for appellants.

*James K. Hill*, for respondents.

DANIELS, J. The evidence contained in the case shows that the work and materials for which the plaintiffs claimed to recover upon the trial of this action, were performed and supplied in repairing the steam engine, boilers, propeller and hull of the steamer Circassian, while she lay at the city of New York; and that it was done and supplied at the request and under the employment of her owner, who then resided in that city.

This constituted a demand of a maritime nature, as the steamer was then an ocean-bound vessel, and had been, previous to that time, engaged in the business of commerce and navigation. The repairs, according to this evidence, seem to have been required and made in order to put her in a proper condition for the continuance of that business. The demand so created was one which could be sued, prosecuted and recovered in the district court of the United States as a court of admiralty.

It was within the admiralty and maritime jurisdiction of that court, as it has been defined and declared by the constitution and laws of the United States, although no lien existed for its security, as the debt was contracted in the home port of the steamer. 1 Conkling's Admiralty (2d ed.), 75, and cases cited in note; id. 78; *Ins Co.* v. *Dunham*, 11 Wall. 1. And being a demand of a nature within the admiralty jurisdiction of the courts of the United

States, the State court, within the provisions of section 9 of the judiciary act enacted by congress, could only afford the plaintiffs the remedy supplied by the common law for the recovery of their debt. *The Belfast*, 7 Wall. 624; *Leon* v. *Galceran*, 11 id. 185.

That remedy is confined to an action against the person of the debtor, which may be enforced by the seizure of his property in cases where an attachment can appropriately issue in such an action. But it does not include proceedings against the vessel herself as the object proceeded against, as they are provided for by the laws of this State for enforcing certain demands against ships and vessels.

For that reason, the proceedings taken against the steamer for the recovery of the plaintiffs' debt, as one for repairs, were unauthorized, although carried on under the authority of the statute of the State. The State had no power to provide such a remedy, it being of an admiralty, and not of a common-law nature; consequently the bond which was given to discharge the steamer from arrest on the warrant issued under them, and on which this action was brought to recover the debt, was of no binding effect whatever, so far as the demand accrued for repairs. That is the rule as the courts have now distinctly settled it, and a re-examination of the reasons sustaining it can be neither necessary nor proper. *Bird* v. *Steamboat Josephine*, 39 N. Y. 19; *Brookman* v. *Hamill*, 43 id. 554; *Vose* v. *Cockcroft*, 44 id. 415; *Brookman* v. *Hamill*, 46 id. 636.

But the plaintiffs, in their complaint, have alleged, and the referee, in his report, has found, that their demand against the steamer was for building, as well as fitting, furnishing and equipping her. And so far as that was its character, it was not within the admiralty jurisdiction of the courts of the United States, but was within the province of the legislature to provide such statutory remedy for its recovery as might be deemed just or expedient.

The portion of the demand which was for building the steamer could be enforced and collected by means of the proceedings provided for by what is known as the ship and vessel law of the State. And to that extent the bond given for the purpose of securing her discharge from arrest, under those proceedings, was valid and binding. *Sheppard* v. *Steele*, 43 N. Y. 52.

As the referee has found that the plaintiffs' demand was for building, as well as repairing, fitting and equipping the steamer, he should have allowed them to recover so much as he found to be due for building, for it appeared that their proceedings were taken

for its recovery within the time the statute prescribed for that purpose.

It is very probable, from the evidence contained in the case, that the referee inadvertently found this fact in the plaintiff's favor, and that in the end a judgment in the defendants' favor must be rendered. But that cannot be determined to be the fact in the face of his conclusion to the contrary. Particularly as the case does not contain the statement that all the evidence given upon the trial was inserted in it.

If the referee has fallen into a mistake in this respect, it can only be corrected by reversing the judgment and directing a new trial.

DAVIS, P. J., and LAWRENCE, J., concurred.

*Judgment reversed and new trial ordered.*